UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALLEN LYNN ROCHE, and
MOHAN RAM,

    Plaintiffs,

v.

DEVON GROUP OF SOUTH FLORIDA LLC,
TATE TRANSPORT CORPORATION,
DEVON LOGISTICS LLC,
BRUCE DEVON, and
TINA EISENHOWER,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs ALLEN LYNN ROCHE ("Roche") and MOHAN RAM ("Ram") bring this action against Defendants DEVON GROUP OF SOUTH FLORIDA LLC ("Devon Group"), TATE TRANSPORT CORPORATION ("Tate Transport"), DEVON LOGISTICS LLC ("Devon Logistics"), BRUCE DEVON ("Devon"), and TINA EISENHOWER ("Eisenhower") and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Devon Group was a Florida corporation that regularly transacted business in Broward County, Florida.

1

4. At all times material hereto, Tate Transport was a Florida corporation that regularly transacted business in Broward County, Florida.

5. At all times material hereto, Devon Logistics was a Florida corporation that regularly transacted business in Broward County, Florida.

6. Upon information and belief, Devon Group's gross sales or business generated was over $500,000 per year at all times material hereto.

7. Devon Group has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

8. Devon Group was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. Upon information and belief, Tate Transport's gross sales or business generated was over $500,000 per year at all times material hereto.

10. Tate Transport has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

11. Tate Transport was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

12. Upon information and belief, Devon Logistics's gross sales or business generated was over $500,000 per year at all times material hereto.

13. Devon Logistics has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

14. Devon Logistics was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

15. Devon is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Devon Group, ran the day-to-day operations, and had operational control over Devon Group, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

16. Eisenhower is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Devon Group, ran the day-to-day operations, and had operational control over Devon Group, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

17. Devon is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Devon Logistics, ran the day-to-day operations, and had operational control over Devon Logistics, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

18. Eisenhower is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Devon Logistics, ran the day-to-day operations, and had operational control over Devon Logistics, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

19. Devon Group, Tate Transport, and Devon Logistics were joint employers of Plaintiffs under the FLSA, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

20. Devon Group, Tate Transport, and Devon Logistics are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common

business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

21. Devon Group operates a business involving quarry gravel transportation.

22. Tate Transport operates a business involving quarry gravel transportation.

23. Devon Logistics operates a business involving quarry gravel transportation.

24. Roche worked for Defendants as a driver.

25. Ram worked for Defendants as a driver.

26. Defendants failed to pay Roche's full and proper minimum wages.

27. Defendants failed to pay Ram's full and proper minimum wages.

28. Defendants failed to pay Roche's full and proper overtime wages.

29. Defendants failed to pay Ram's full and proper overtime wages.

30. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

31. Attached as **Exhibit A** is a preliminary calculation of Roche's claims, including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

32. Attached as **Exhibit B** is a preliminary calculation of Ram's claims, including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

33. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

34. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-33 above as if set forth herein in full.

35. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

36. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791