UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60600-Ruiz/Straus

ALLEN LYNN ROUCHE and
MOHAN RAM,

       Plaintiffs,

v.

DEVON GROUP OF SOUTH FLORIDA, LLC,
TATE TRANSPORT CORPORATION,
DEVON LOGISTICS, LLC, BRUCE DEVON,
and TINA EISENHOWER,

       Defendants.

_____/

## DEFENDANT TATE TRANSPORT CORPORATION'S MOTION TO VACATE CLERK'S DEFAULT

Pursuant to Fed. R. Civ. P. 55(c), Defendant Tate Transport Corporation ("Tate"), by and through its undersigned counsel moves this Court to vacate the Clerk's Default entered on April 27, 2023 and in support states as follows:

**I.    BACKGROUND**

1.    On March 28, 2023, the Plaintiffs filed a Complaint against Tate alleging a claim under the Federal Fair Labor Standards Act. [D.E. 1]

2.    On April 5, 2023, Tate was served with the Complaint giving it until April 26, 2023 to file a response to the complaint. [D.E. 12]

3.    Seeing no response filed, the Plaintiff filed a Motion for Entry of Clerk's Default on April 26, 2023. [D.E. 22]

4.    The Clerk entered default against Tate on April 27, 2023 [D.E. 23]

5.  Undersigned counsel was retained by Tate's insurance company on April 27, 2023. Upon being retained undersigned counsel immediately looked at the docket and saw the Clerk's Default.

6.  On April 24, 2024, the Defendants other than Tate jointly filed a Renewed Motion for Extension of Time to Respond to the Complaint and the Court entered an order granting the Motion for Extension of Time giving the other defendants until May 17, 2023 to respond to the Complaint or file an Answer.

7.  As discussed in the Declaration by Michelle Sebesta which is attached hereto as **Exhibit "1", t**he delay in responding to the Complaint occurred because Tate was told and believed that the real employer, Devon Logistics, LLC  ("Devon") was going to do something to get Tate removed from the lawsuit.  However, when nothing happened Tate sent the Complaint to its insurance company who then sent it to counsel.  However, because of the delay in sending it to insurance counsel because it thought Devon was handling the situation a response was not timely filed.

**II.     MEMORANDUM OF LAW**

8.  The Eleventh Circuit Court of Appeals explicitly recognizes the standard to vacate a default is less stringent than the standard to vacate a default judgment.  "Good cause is a lenient standard, though not devoid of substance.  Relevant factors include: (1) whether the default was willful; (2) whether vacating the default would prejudice the plaintiff; (3) whether the defendant presents a meritorious defense; and (4)  whether the defendant acted promptly to vacate the default." *Compania Interamericana Exp. Imp., S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948 (11th Cir. 1996).

9. However, "these factors are not 'talismanic' . . . [and w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. Where there are no intervening equities, any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.* "[A]ny doubt should, as a general proposition be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.*

### III.  ARGUMENT

10. In this case, each of these factors militates in favor of vacating the Default.

11. The default was not willful. As discussed in the attached Declaration Tate mistakenly believed that the other Defendant Devon was handling it.

12. No one will be prejudiced by vacating the Clerk's Default. The other Defendants do not even have to file their response/answer to the Complaint until May 17, 2023 and the Plaintiff has agreed to Tate's request to vacate.

13. Tate has a meritorious defense as set forth in the Answer and Affirmative Defenses which is attached hereto as **Exhibit "2."**

14. There was no delay in presenting this Motion in that it was presented one day after the Clerk's Default was entered and one day after Tate became aware of the existence of the Default.

15. The undersigned counsel reached out to Plaintiff's counsel to determine if he would agree to the Motion to Vacate and he said that he would not oppose the relief.

WHEREFORE, based upon the foregoing facts, legal authority and supporting documents, Defendant Tate Transport Corporation respectfully requests this Court vacate the Clerk's Default,

permit the filing of the attached Answer and Affirmative Defenses and provide such other relief as shall be appropriate.

/s/ *Laurie A. Thompson*
Laurie A. Thompson
Fla. Bar No. 908339
Email: lthompson@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre, 515 North Flagler Drive
Suite 2100
West Palm Beach, Florida 33401
Telephone:   (561) 802-9044
Facsimile:    (561) 802-9976

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28th, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Laurie A. Thompson*

## **SERVICE LIST**

CASE NO. 23-CV-60600-Ruiz/Straus

Elliot Ari Kozolchyk
320 S.E. 9th street
Fort Lauderdale, FL 33316
Email: ekoz@kozlawfirm.com
*Counsel for Plaintiffs*

Jamie Lynn White
Spire Law, LLC
2572 W State Rd 426, Suite 2088
Oviedo, FL 32765
Email: jamie@spirelawfirm.com
*Counsel for Devon Group of South
Florida LLC, Devon Logistics LLC,
Bruce Devon and Tina Eisenhower*