# Exhibit "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60600-Ruiz/Straus

ALLEN LYNN ROUCHE and
MOHAN RAM,

        Plaintiffs,

v.

DEVON GROUP OF SOUTH FLORIDA, LLC,
TATE TRANSPORT CORPORATION,
DEVON LOGISTICS, LLC, BRUCE DEVON,
and TINA EISENHOWER,

        Defendants.

_____/

## TATE TRANSPORT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Tate Transport Corporation ("Tate" or "Defendant"), by the through its undersigned counsel answers Plaintiffs' Complaint as follows:

1. Tate admits that the Court has jurisdiction over FLSA claims, but otherwise DENIES the allegations in paragraph 1 of the Complaint.

2. Tate is without knowledge regarding whether Plaintiffs were residents of Florida and DENIES that the Plaintiffs are employees of Tate as defined by the FLSA.

3. Tate is without knowledge regarding the allegations in paragraph 3 of the Complaint and therefore DENIES those allegations.

4. Tate ADMITS the allegations in paragraph 4 of the Complaint.

5. Tate is without knowledge regarding the allegations in paragraph 5 of the Complaint and therefore DENIES those allegations.

1

6. Tate is without knowledge regarding the allegations in paragraph 6 of the Complaint and therefore DENIES those allegations.

7. Tate is without knowledge regarding the allegations in paragraph 7 of the Complaint and therefore DENIES those allegations.

8. Tate is without knowledge regarding the allegations in paragraph 8 of the Complaint and therefore DENIES those allegations.

9. Tate ADMITS the allegations in paragraph 9 of the Compliant.

10. TATE DENIES the allegations in paragraph 10 of the Complaint.

11. Tate DENIES the allegations in paragraph 11 of the Complaint.

12. Tate is without knowledge regarding the allegations in paragraph 12 of the Complaint and therefore DENIES those allegations.

13. Tate is without knowledge regarding the allegations in paragraph 13 of the Complaint and therefore DENIES those allegations.

14. Tate is without knowledge regarding the allegations in paragraph 14 of the Complaint and therefore DENIES those allegations.

15. Tate is without knowledge regarding the allegations in paragraph 15 of the Complaint and therefore DENIES those allegations.

16. Tate is without knowledge regarding the allegations in paragraph 16 of the Complaint and therefore DENIES those allegations.

17. Tate is without knowledge regarding the allegations in paragraph 17 of the Complaint and therefore DENIES those allegations.

18. Tate is without knowledge regarding the allegations in paragraph 18 of the Complaint and therefore DENIES those allegations.

19. Tate DENIES the allegations in paragraph 19 of the Complaint.

20. Tate DENIES the allegations in paragraph 20 of the Complaint.

21. Tate is without knowledge regarding the allegations in paragraph 21 of the Complaint and therefore DENIES those allegations.

22. Tate ADMITS the allegations in paragraph 22 of the Complaint.

23. Tate is without knowledge regarding the allegations in paragraph 23 of the Complaint and therefore DENIES those allegations.

24. Tate DENIES that Roche worked for Tate.

25. Tate DENIES that Ram worked for Tate.

26. Tate DENIES the allegations in paragraph 26 of the Complaint.

27. Tate DENIES the allegations in paragraph 27 of the Complaint.

28. Tate DENIES the allegations in paragraph 28 of the Complaint.

29. Tate DENIES the allegations in paragraph 29 of the Complaint.

30. Tate DENIES the allegations in paragraph 30 of the Complaint.

31. Tate states that **Exhibit "A"** speaks for itself and states further that it is without knowledge regarding its accuracy.

32. Tate states that **Exhibit "B"** speaks for itself and states further that it is without knowledge regarding its accuracy.

33. Tate is without knowledge regarding the allegations in paragraph 33 of the Complaint and therefore DENIES those allegations.

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

34. Tate realleges and incorporates the allegations set forth in paragraphs 1-33 above as if they were fully set forth herein.

35. Tate is without knowledge regarding the allegations in paragraph 35 of the Complaint and therefore DENIES those allegations.

36. Tate is without knowledge regarding the allegations in paragraph 36 of the Complaint and therefore DENIES those allegations.

37. All allegations in the Complaint not expressly admitted herein are DENIED.

38. As its First Affirmative Defense, Tate states that the Plaintiffs have failed to state a claim upon which relief may be granted.

39. As its Second Affirmative Defense, and without reversing the burden of proof Tate states that it was not the Plaintiff's employer.

40. As its Third Affirmative Defense, and without reversing the burden of proof, Tate states that it does not engage in interstate commerce but rather, all of its deliveries of aggregate are within the state of Florida and therefore it is not an Enterprise as defined by the FLSA.

41. As its Fourth Affirmative Defense, and without reversing the burden of proof, Tate states that the Plaintiffs did not engage in interstate commerce therefore there is no individual liability under the FLSA.

42. As its Fifth Affirmative Defense Tate states that if Plaintiffs are entitled to any additional wages, which Tate expressly denies, they are only entitled to receive half time pay for any overtime hours to the extent they were paid for all hours worked.

43. As its Sixth Affirmative Defense, Tate states that the Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

44. As its Seventh Affirmative Defense, Plaintiffs were appropriately paid as Commissioned employees.

45. As its Eight Affirmative Defense, Plaintiffs are exempt employee under the Motor Carrier Act, 29 U.S.C. § 213(b).

46. As its Nineth Affirmative Defense and as an alternative to its Seventh Affirmative Defense Plaintiffs were paid as independent contractors who were not subject to the overtime provisions of the FLSA.

47. As its Tenth Affirmative Defense, Tate states that it acted in good faith and had reasonable grounds for believing that its actions were in compliance with the FLSA, and therefore Plaintiffs are not entitled to liquidated damages.

48. As its Eleventh Affirmative Defense, Tate states that it was not reckless and did not show a reckless disregard for whether it conduct was prohibited by the FSLA.  Accordingly, the Plaintiffs are only entitled to a two-year statute of limitation.

49. As its Twelfth Affirmative Defense, Tate states that this action is barred to the extent Plaintiffs seek recovery for time that was not compensable time, i.e., "hours worked" under the FLSA.

50. As its Thirteenth Affirmative Defense Tate states that Plaintiffs' claims are barred in part by the provisions of the Portal to Portal Act, 29 U.S.C. § 254 for all hours when engaged in traveling to and from work and the performance of other activities not part of the principal part of their jobs.

51. As its Fourteenth Affirmative Defense, Tate states that Plaintiffs actions are barred to the extent they seek to recover for time that is *de minimus* and thus not compensable under the FLSA.

52. As its Fifteenth Affirmative Defense, Tate states that to the extent Plaintiffs seek damages that are not recoverable under the FLSA, such as for example, compensatory damages, Plaintiffs are barred from such recovery.

53. As its Sixteenth Affirmative Defense, Tate states that its actions were in good faith conformity with and/or reliance on administrative regulations, order, rulings, approvals, interpretations or practices of the Department of Labor.

54. As its Seventeenth Affirmative Defense, Tate states that Plaintiffs' claims are barred by the doctrine of estoppel and/or estoppel by silence in that Plaintiffs failed to accurately report hours allegedly worked and/or Tate was unaware Plaintiff worked the hours claimed and/or was not paid the appropriate minimum wage.

55. Tate reserves the right to add to and amend these affirmative defenses as discovery progresses.

WHEREFORE, Tate Transport Corporation demands a judgment against Plaintiffs for costs and all other relief this Court deems just and equitable.

/s/ *Laurie A. Thompson*
Laurie A. Thompson
Fla. Bar No. 908339
Email: lthompson@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre, 515 North Flagler Drive
Suite 2100
West Palm Beach, Florida 33401
Telephone:   (561) 802-9044
Facsimile:    (561) 802-9976

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Laurie A. Thompson*

**SERVICE LIST**

CASE NO. 23-CV-60600-Ruiz/Straus

Elliot Ari Kozolchyk
320 S.E. 9th street
Fort Lauderdale, FL 33316
Email: ekoz@kozlawfirm.com
*Counsel for Plaintiffs*

Jamie Lynn White
Spire Law, LLC
2572 W State Rd 426, Suite 2088
Oviedo, FL 32765
Email: jamie@spirelawfirm.com
*Counsel for Devon Group of South Florida LLC, Devon Logistics LLC, Bruce Devon and Tina Eisenhower*