UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60600-RAR

**ALLEN LYNN ROCHE**, *et al.*,

      Plaintiffs,

v.

**DEVON GROUP OF SOUTH FLORIDA LLC**, *et al.*,

      Defendants.

_____/

**ORDER APPROVING SETTLEMENT AGREEMENT
AND DISMISSING CASE WITH PREJUDICE**

      **THIS CAUSE** comes before the Court upon the parties' Joint Motion to Approve Settlement ("Motion"), [ECF No. 53], filed on September 15, 2023.  The Motion indicates the parties have reached a settlement agreement in this case, which alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and requests that the Court approve the parties' settlement agreement.

      Before a court may approve a proposed settlement under the FLSA, it must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).  If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  Specifically relevant here, a proposed FLSA settlement agreement may be rejected as "unreasonable" if it contains confidentiality provisions because it "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."  *Dees*, 706 F. Supp. 2d at 1242–43; *see also Hicks v. Vortex*

*Marine Constr., Inc.*, No. 16-cv-1226-Orl-41TBS, 2017 WL 2664361, at *5 (M.D. Fla. May 4, 2017) ("Parties frequently include confidentiality provisions in their FLSA settlement agreements, and those provisions are regularly rejected by the courts." (citations omitted)).

Here, the parties' Settlement Agreement ("Settlement"), [ECF No. 53-1], contains a section titled "4. Mutual Covenant of Confidentiality," which binds the parties to keep the existence and terms of the Settlement strictly confidential along with a list of several express exceptions. S*ee* Settlement at 3.  The Court considers such a confidentiality provision impermissible under the FLSA.  *See Dees*, 706 F. Supp. 2d at 1242–43.  Accordingly, the Court finds this provision unenforceable.  But given that the parties have acknowledged the Court's ability to sever the confidentiality provision in section 4 in the event it is determined to be invalid or unenforceable—coupled with the fact the Settlement is both filed and accessible on the public docket—the Court finds that approval of the Settlement does not run afoul of the FLSA.

Therefore, upon review of the record and the parties' documented basis for settlement of this FLSA case, including an award of attorneys' fees to Plaintiff's counsel, the Court finds that the resolution of this action is fair and reasonable, and that the fee is fair and reasonable and not grossly excessive.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion, [ECF No. 53], is **GRANTED**.

2. The Settlement Agreement, [ECF No. 53-1], which has been duly filed as a record of the Court, is **APPROVED** with the exception of Section 4 titled "Mutual Covenant of Confidentiality," which is **SEVERED**.

3. This case is **DISMISSED WITH PREJUDICE**, and any pending motions are **DENIED AS MOOT**.

4.  The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 15th day of September, 2023.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**